**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                                    Case No. 6:13-cr-99-Orl-37KRS

JAMES FIDEL SOTOLONGO;
STEPHANIE MUSSELWHITE; and
RAMARA GARRETT

---

**ORDER**

This cause is before the Court on the following:

1. Defendant Ramara Garrett's Motion for a James Hearing to Determine the Admissibility of Extrajudicial Statements of Alleged Co-Conspirators (Doc. 82), filed December 16, 2013;

2. Government's Response in Opposition to Defendant Ramara Garret's Motion for a James Hearing to Determine the Admissibility of Extrajudicial Statements of Alleged Co-Conspirators (Doc. 87), filed January 15, 2014;

3. Defendant Stephanie Musselwhite's Motion for *James* Hearing (Doc. 93), filed January 16, 2014; and

4. Government's Omnibus Response in Opposition to Docs. 91–94 (Doc. 111), filed January 28, 2014.

Upon consideration, Defendants' motions (Docs. 82, 93) are due to be denied.

The three co-Defendants in this case are alleged to have taken part in a sophisticated mortgage-fraud ring designed to defraud FDIC-insured lending institutions. (*See* Docs. 1, 34.) The mortgage-fraud ring has allegedly existed for several years, involves multiple unindicted coconspirators, and has played a role in the purchase of over

seventy properties. (Doc. 1, ¶¶ 6–21.) Based on the scope and complexity of the alleged conspiracy, Defendants Garrett and Musselwhite move for a pretrial *James* hearing, in which the Court would elicit any coconspirator hearsay that the Government intends to introduce at trial and determine its admissibility under Federal Rule of Evidence 801(d)(2)(E). (Docs. 82, 93.) The Government opposes. (Docs. 87, 111.)

The procedure that Defendants request stems from *United States v. James* and was created at a time when the U.S. Court of Appeals for the Fifth Circuit required substantial, independent evidence of both the declarant and the defendant's involvement in a conspiracy in order for co-conspiratorial hearsay to be admissible. 590 F.2d 575, 581 (5th Cir. 1979). In order to mitigate the danger posed to defendants by co-conspiratorial hearsay offered at trial but not ultimately connected to the underlying conspiracy, "and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger,"[1] the Fifth Circuit cautioned that district courts should determine the admissibility of Rule 801(d)(2)(E) statements in a pretrial hearing "whenever reasonably practicable." *Id.* at 583.

However, in *Bourjaily v. United States*, 483 U.S. 171 (1987), the U.S. Supreme Court significantly alleviated the dangers addressed in *James* by holding that the threshold for the admissibility of Rule 801(d)(2)(E) statements is lower than the standard expressed in *James*. Under *Bourjaily*, the government need only prove the existence of the underlying conspiracy by a preponderance of the evidence and, in doing so, it may

---

[1] Notably, pretrial *James* hearings themselves require substantial time and resources. *See United States v. Pepe*, 747 F.2d 632, 647 (11th Cir. 1984) (observing that the district court conducted a thirteen-day *James* hearing).

rely in part on the statements themselves. *Id.* at 176, 181.

Co-conspiratorial hearsay statements, of course, still present risks. Here, however, the Government represented at the pretrial conference that it can structure its presentation of evidence such that independent evidence of the underlying conspiracy will be offered prior to any co-conspiratorial hearsay statements. (Doc. 113.) Therefore, considering the comparative leniency of the *Bourjaily* standard, and in light of the Government's representation and the Court's own judicial experience, the Court finds that the risk in this case that the Government will be unable to link co-conspiratorial hearsay statements to the underlying conspiracy does not justify expending the time and resources required to hold a *James* hearing.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant Ramara Garrett's Motion for a James Hearing to Determine the Admissibility of Extrajudicial Statements of Alleged Co-Conspirators (Doc. 82) is **DENIED**.

2. Defendant Stephanie Musselwhite's Motion for *James* Hearing (Doc. 93) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 6, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record